12830

STATE v. ORVIG

(151 S. E., 616)

*Messrs. Lionel K. Legge* and *B. H. Matthews,* for appel-
lant,

*Mr. J. C. Long,* for respondent,

February 7, 1930.

The opinion of the Court was delivered by Mr. Justice
Cothran.

In January, 1929, the defendant was convicted in the
police Court of the City of Charleston for a violation of an
ordinance prohibiting the operation of an automobile with-

out a driver's license and fined. He appealed to the Court of General Sessions upon the ground which will shortly appear.

In December, 1928, prior to said trial and conviction, the defendant had been tried, convicted, and sentenced for a violation of a different Section of the ordinance, which prohibited the driving of an automobile by a person under the influence of liquor. Immediately upon his conviction his license as a driver was suspended by the authorities. He appealed from the last-mentioned conviction to the Court of General Sessions.

Pending the appeal which the defendant contended effected a *supersedeas* of the sentence, he paid no attention to the suspension of his license and continued to operate his car notwithstanding.

In January, 1929, he was arrested, tried, convicted, and sentenced for operating his car without a license, as above stated; the authorities contending that the suspension was effective from December 28, 1928, and he contending that it had been suspended by his appeal.

The defendant's appeal from the conviction of operating a car while under the influence of liquor was heard in June, 1929, and an order was passed by his Honor, Judge Grimball, granting a new trial upon the ground that the recorder had charged upon the facts; that new trial has not been had.

The defendant's appeal from the conviction of operating a car without a driver's license was heard in June, 1929, and an order was passed by his Honor, Judge Grimball, dismissing the appeal, upon the ground that the right of the authorities to revoke the driver's license could not be tested by the appeal then being considered, but could only be a mandamus for a relicense.

Thereafter the defendant petitioned for a rehearing of his appeal, which his Honor, Judge Grimball, granted. Upon such rehearing his Honor passed the following order, dated July 3, 1929:

"In this matter this Court filed a decree dated June 27th, 1929, affirming the judgment and sentence of the police Court of Charleston. It comes before me now on a rehearing.

"In the former decree I stated that it was my opinion that the right of the chief of police, the Mayor and the chairman of the committee on public safety to revoke defendant's license under Section 10 of the city traffic ordinance could be tested only through a rule to them to show cause why a writ of mandamus should not issue directing them to revoke their revocation of the license. I stated that their right to revoke the license in my opinion could not be tested by the defendant's ignoring the revocation, driving his automobile on the streets of the city, and then when arrested for driving without a license, raising the issue that the said committee had no right to revoke his license.

"After argument of counsel on rehearing I am still of the opinion as expressed in the former order in this matter.

"However this Court is to render judgment according to the justice of the case on appeal. Defendant lost thirty days right to drive his car. In attempting to drive it during that period he did what he thought he had a right to do—although as I have said above, in my opinion he was in error. For doing this he has been sentenced. It seems to me now that it would be, in view of all of the circumstances, to the ends of justice to revoke defendant's sentence in this matter.

"It is therefore ordered that the decree issued by me dated June 27th, 1929, be modified according to the views above expressed, and that the sentence of the police Court of Charleston herein be and the same is hereby set aside."

From it the city authorities have appealed.

To fully comprehend the order of July 3, 1929, above set forth, it is necessary to reproduce the order of June 27, 1929, which was as follows:

"This matter comes before me on appeal from the judgment and sentence of the police Court of the City of Charleston.

"It seems that on December 28th, 1928, the defendant in a proceeding separate from this one was convicted under the ordinance of the City of Charleston forbidding the driving of an automobile on the streets while intoxicated. From the sentence imposed in that case the defendant perfected his appeal to this Court.

"Section 10 of the city traffic ordinance provides that all persons driving automobiles must have a license and that 'said license may be suspended or withdrawn by the chief of police with the approval of the Mayor and the chairman of the committee on public safety.'

"It seems that after the conviction above mentioned, defendant's license to drive an automobile was, on December 28th, 1928, revoked for thirty days under the authority of Section 10 as quoted above.

"On January 4th, 1929, defendant was arrested for driving an automobile in the city streets without a license; tried and found guilty and from the sentence then imposed upon him he prosecutes the present appeal to this Court. The grounds for appeal urged before me were that the appeal from the conviction and sentence of December 28, 1929, acted as a *supersedeas* as to all other proceedings and that the authorities had no right to revoke defendant's license under the terms of Section 10 until the said appeal should have been finally disposed of.

"I am of the opinion that the right of the chief of police, the Mayor and the chairman of the committee of public safety to revoke defendant's license cannot be tested by the present proceedings. That right should be tested by a rule to them to show cause why a mandamus writ should not issue directing them to re-license the defendant. It is therefore ordered that the appeal herein be dismissed."

We are of opinion that the order of June 27, 1929, expresses the correct solution of the matter; that the order of July 3, 1929, is inconsistent with it, is erroneous, and must be vacated.

The judgment of this Court is that the order of July 3, 1929, be reversed; that the order of June 27, 1929, be restored; and that the case be remanded for the purpose of enforcing the judgment and sentence of the lower Court.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.